

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

May 21, 2025

Anastasia Dubrovsky
Clerk of Court
United States Court of Appeals
 for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

      Re: *State of Rhode Island, et al. v. Donald J. Trump, in his official capacity as
          President of the United States, et al.*, No. 25-1477

Dear Ms. Dubrovsky:

    I am counsel for plaintiff-appellee the State of New York. I submit this letter on behalf of all plaintiffs-appellees in opposition to defendants-appellants' motion for an administrative stay pending resolution of their motion for a stay pending appeal of a preliminary injunction issued by the U.S. District Court for the District of Rhode Island (McConnell, J.).[1] Plaintiffs will respond to defendants' motion for a stay expeditiously and provide this initial response to explain why an administrative stay pending resolution of that motion is not warranted.

---

    [1] Plaintiffs are the States of Arizona, California, Colorado, Connecticut, Delaware, Hawai'i, Illinois, Maine, Maryland, Massachusetts, the People of the State of Michigan, Minnesota, Nevada, New Jersey, New Mexico, New York, Oregon, Rhode Island, Vermont, Washington, and Wisconsin. Defendants are IMLS, MBDA, FMCS, the Office of Management and Budget, Keith E. Sonderling, in his official capacity as Acting Director of IMLS, Madiha D. Latif, in her official capacity as Deputy Under Secretary of Commerce for Minority Business Development, Howard Lutnick, in his official capacity as Secretary of Commerce, Gregory Goldstein, in his official capacity as Acting Director of FMCS, Russell T. Vought, in his official capacity as Director of the Office of Management and Budget, and Donald J. Trump, in his official capacity as President of the United States.

**Background**

In this case, plaintiffs challenge defendants' actions to dismantle three federal agencies created by Congress and vested by Congress with enumerated responsibilities and over $400 million in appropriated funds: the Institute of Museum and Library Services (IMLS), the Minority Business and Development Agency (MBDA), and the Federal Mediation and Conciliation Service (FMCS). In March 2025, defendants gutted the programs, operations, and staff of these agencies within weeks of an executive order directing such action, without congressional approval or any reasoned explanation. *See* Exec. Order No. 14,238, "Continuing the Reduction of the Federal Bureaucracy," § 2(a) (Mar. 14, 2025) (the *Reduction* EO).

In April 2025, plaintiffs filed this complaint and moved for a preliminary injunction to halt and reverse the dismantling of IMLS, MBDA, and FMCS.[2] ECF No. 3. The motion was supported by dozens of declarations explaining the steps defendants have taken to dismantle the agencies and cataloguing the severe harms plaintiffs had already experienced and would continue to experience absent injunctive relief, including the ongoing or imminent loss of millions of dollars of critical funding, the termination of trusted mediation services critical to resolving public-sector labor disputes, and disruptions in state library services to vulnerable populations such as the elderly, veterans, and non-English speakers. *See* ECF No. 3 through 3-45; *see also* ECF No. 35 through 35-9, 39, 44 through 44-3, 45 through 45-6. Defendants submitted no evidence rebutting plaintiffs' showing and did not contest the merits of several of plaintiffs' claims. Instead, they raised a variety of arguments about jurisdiction and the scope of relief under the Administrative Procedure Act (APA). *See* ECF No. 41.

After briefing and oral argument, the district court concluded in a thorough 49-page decision that plaintiffs were entitled to a preliminary injunction to prevent defendants from dismantling IMLS, MBDA, and FMCS. *See* ECF No. 57. The district court concluded that plaintiffs had standing (*id.* at 11), that the claims were ripe for judicial review (*id.* at 12-14), and that the court had jurisdiction over plaintiffs' claims, including where those claims implicated grant disbursements (*id.* at 14-18) and mass reductions in force (*id.* at 18-21). On the merits, the district court concluded that defendants' actions could be challenged under the APA (*id.* at 21-26), were likely arbitrary and capricious insofar as defendants provided no reasoned explanation (*id.* at 26-31), were likely contrary to law insofar as defendants acted contrary to the statutes governing the subject agencies and appropriations (*id.* at 31-39), and were likely unconstitutional (*id.* at 39-40). The district court also found that plaintiffs

---

[2] Plaintiffs initially moved for a temporary restraining order, but converted the motion on consent to one seeking a preliminary injunction. ECF No. 31; *see* Text Order (April 10, 2025).

established irreparable harm (*id.* at 41-45) and that the balance of the equities and public interest weighed in favor of injunctive relief (*id.* at 46-47.)

Seven days later, after incorporating all of defendants' proposed revisions[3], the district court entered a preliminary injunction order directing defendants to, among other things, (i) "take all necessary steps to reverse any policies, memoranda, directives, or actions" previously taken to implement the *Reduction* EO with respect to these three agencies; (ii) restore employees and personal service contractors who were involuntarily placed on leave or terminated due to implementation of the *Reduction* EO; and (iii) resume processing, disbursement, and payment of funds to recipients in plaintiff States that were stalled or terminated in reliance on the *Reduction* EO. *See* ECF No. 60. Pursuant to language specifically requested by defendants, the preliminary injunction does not apply to "personnel decisions that are not related to or motivated by" the *Reduction* EO. And the order expressly permits defendants to "tak[e] actions that would improve Agency efficiency or reduce the size or scope of the Agenc[ies]," so long as they "provide[] a reasoned explanation for such action" and such "action will not prevent the Agenc[ies] … from fulfilling any of their statutory obligations." *Id.* By its terms, the preliminary injunction also does not affect funding actions based on "non-compliance with applicable grant or contract terms." *Id.*

## Discussion

Defendants' request for an administrative stay pending briefing and adjudication of its stay motion should be denied for at least four reasons.

*First*, defendants failed to meaningfully comply with Rule 8(a)(1), which requires a movant to "move first in the district court" for a stay pending appeal or explain why doing so is not practicable. Fed. R. App. P. 8(a)(1). Defendants moved for a stay pending appeal from the district court on the evening of May 19, 2025, and attached three declarations attesting to new information that was not presented to the district court during briefing on the preliminary injunction. *See* ECF No. 63. The next morning, the district court ordered plaintiffs to respond by May 27 and defendants to reply by May 30. *See* Text Order (May 20, 2025). Defendants nevertheless moved for a stay pending appeal in this court the following day, giving the district court no opportunity to resolve the stay motion or consider defendants'

---

[3] Specifically, the district court shared a draft of its proposed order with the parties and invited them to offer redlines. Defendants suggested several revisions, *see* ECF No. 59, all of which the district court incorporated verbatim into its final order.

new evidence.[4] In addition, defendants' stay motion in this Court contains multiple arguments that are not included in its stay motion in the district court. Defendants' request for an administrative stay should be denied based on these procedural defects alone, or, at a minimum, the request should be denied without prejudice to renew after the district court resolves the stay motion. *See Nat'l Tr. for Historic Pres. v. Buttigieg*, 125 F.4th 278, 283 (1st Cir. 2025); *Agaduth Israel of Am. v. Cuomo*, 980 F.3d 222, 225 (2d Cir. 2020) ("deny[ing]" motion for emergency relief pending appeal "for these procedural reasons").

*Second*, no urgent circumstances compel an immediate administrative stay of the district court's preliminary injunction. Defendants continue to speculate that the order "forces the agencies to disburse funds that may never be recovered" (Mot. at 2) if they ultimately prevail on appeal, a claim this Court has already rejected—and that is belied by defendants' own declarations. *See New York*, 133 F.4th at 72; *see also* ECF No. 63-2, at 4 (contending that grant payments that are ultimately found to be unwarranted "constitute a debt to the federal government" that may be recovered through "debt collection procedures"). Indeed, the en banc D.C. Circuit recently issued a stay of an earlier panel decision that had credited the same argument defendants make here. *Widakuswara v. Lake*, 2025 WL 1378735 (D.C. Cir. May 7, 2025). *See also Dep't of State v. AIDS Vaccine Advoc. Coal.*, 145 S. Ct. 753, 757 (2025) (denying stay despite government's argument "that it would probably be unable to recover much of the money after it is paid").

Although defendants complain about the purported breadth of the preliminary injunction (Mot. at 19-20), they had ample opportunity to propose narrowing language to the district court to address those perceived issues. Indeed, the district court *accepted* all of defendants' proposed revisions to the language of the order. At a minimum, it was incumbent upon defendants to present a proposed narrow order to *this* Court as part of this motion, and they failed to do so as well. Moreover, defendants present new arguments about the "analytical framework" that the district court applies (Mot. at 18-20), but they raised no such objections below and cannot do so for the first time on appeal. *Philip Morris, Inc. v. Harshbarger*, 159 F.3d 670, 680 (1st Cir. 1998); *United States v. Zenon*, 711 F.2d 476, 478 (1st Cir. 1983).

*Third*, an administrative stay would disrupt rather than preserve the status quo, which is the "the last uncontested status which preceded the pending controversy." *Braintree Lab'ys, Inc. v. Citigroup Glob. Markets Inc.*, 622 F.3d 36, 41

---

[4] Defendants included a one-sentence request for a stay of any potential injunctive relief in their opposition to the preliminary injunction motion, ECF No. 41, at 47, but that cursory request included none of the factual material defendants present in support of their present stay motions and did not "mention or address the established test for securing [a stay] set forth in *Nken v. Holder*, 556 U.S. 418 (2009)." *New York v. Trump*, 133 F.4th 51, 63 (1st Cir. 2025) (denying stay).

(1st Cir. 2010). The preliminary injunction is tailored to undo the actions defendants took to dismantle IMLS, MBDA, and FMCS, and to prevent defendants from unlawfully doing so again during the pendency of this case. Defendants have identified no reasoned explanation for any of their actions, fail to explain how their actions are consistent with statutes governing the operation of these agencies, and do not dispute that their actions would result in the unlawful failure to spend funds that Congress has already appropriated. The district court expressly found (ECF No. 57, at 2) that the actions taken to implement the *Reduction* EO were unlawful and therefore properly restored the parties to the status quo prior to those actions.

Indeed, defendants reported to the district court yesterday that they "have taken significant steps to comply with each provision" of the preliminary injunction order. ECF No. 64, at 4. Granting an administrative stay now would stall that progress and sow further confusion.

*Fourth*, and finally, the equities tilt profoundly against the entry of an administrative stay here. *See United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring) ("[T]he choice to issue an administrative stay reflects a first-blush judgment about the relative consequences of staying the lower court judgment versus allowing it go to into effect."). As the district court catalogued (ECF No. 57, at 41-45), plaintiffs have suffered and will suffer irreparable harm from the closure of these agencies. By contrast, "the Government has made no showing that dispersing congressionally appropriated funds for statutorily mandated purposes would cause irreparable harm in this case." *Cmty. Legal Servs. in E. Palo Alto v. United States Dep't of Health & Hum. Servs.*, No. 25-2808, 2025 WL 1393876, at *6 (9th Cir. May 14, 2025). And defendants cannot show that the district court's preliminary injunction is causing any extraordinary impediment to their operations that would warrant the effective dissolution of that order. Though defendants cite the supposed costs of undoing their actions, the government cannot "be heard to complain about damage inflicted by its own hand." *Pennsylvania v. New Jersey*, 426 U.S. 660, 664 (1976).

* * *

For these reasons, the Court should deny defendants' request for an immediate administrative stay. In addition, the Court should either (i) hold defendants' stay motion in abeyance until the district court rules on the stay motion before it, or (ii) deny defendants' stay motion without prejudice to refiling once the district court rules on the stay motion before it.

Alternatively, plaintiffs propose filing a response to defendants' stay motion on or before May 28, and permitting defendants to file any reply on or before May 30, but are prepared to meet any schedule set by the Court.

Respectfully submitted,

/s/ Kartik Naram
Kartik Naram
Assistant Solicitor General
(212) 416-6347
Kartik.Naram@ag.ny.gov