

U.S. Department of Justice
Civil Division

Tel: 202-514-1673

July 16, 2025

Anastasia Dubrovsky, Clerk
United States Court of Appeals for the First Circuit
1 Courthouse Way, Suite 2500
Boston, MA 02210

RE: *Rhode Island v. Trump*, No. 25-1477

Dear Ms. Dubrovsky:

Pursuant to Federal Rule of Appellate Procedure 28(j), the government respectfully advises the Court of a recent stay decision rendered by the United States Supreme Court—*McMahon v. New York*, No. 24A1203 (U.S. July 14, 2025)—that supports the government's pending motion for a stay pending appeal in this case.

On March 11, consistent with the President's promises to reduce the scope of the Department of Education's operations, the Department announced a reduction-in-force affecting 1,378 employees. Later that month, the President issued an Executive Order requiring the Secretary of Education, "to the maximum extent appropriate and permitted by law," to "take all necessary steps to facilitate the closure of the Department of Education." *Improving Education Outcomes*, Exec. Order 14,242, 90 Fed. Reg. 13,679 (Mar. 25, 2025). Several States, school districts, and unions brought suit, and obtained preliminary injunctions requiring the government to unwind the reduction-in-force (including reinstatement of terminated employees) and prohibiting future compliance with the Executive Order. *New York v. McMahon*, No. 25-cv-10601 (D. Mass. May 22, 2025); *Somerville Pub. Schs. v. Trump*, No. 25-cv-10677 (D. Mass. May 22, 2025). This

Court denied a stay of those injunctions pending appeal. *New York v. McMahon*, Nos. 25-1495, 25-1500 (1st Cir. June 4, 2025).

The Supreme Court, however, granted the government's request for relief. That stay underscores the propriety of the relief the government has requested here. In both cases, plaintiffs who are not themselves employees have challenged personnel actions that do not directly injure them. Similarly, the Civil Service Reform Act divests the district courts in each case of jurisdiction, by creating a comprehensive framework for adjudication that consciously excludes plaintiffs like those who sued here. And in *McMahon*, as here, the preliminary injunction causes significant harm to the government by interfering with its legitimate administrative responsibilities vis-à-vis the federal workforce, harm that far outweighs plaintiffs' speculative claims of potential injury. In sum, the Supreme Court's stay decision in *McMahon* confirms that a stay should be granted here.

Sincerely,

*/s/ Simon G. Jerome*
Simon G. Jerome

cc: all counsel (by ECF)